STUART H. B. MAYES, *et al.,* v. M. A. SMITH, *Liquidator.*

149 So. 590.
En Banc.
Opinion Filed August 2, 1933.

E. B. *Drumright,* E. T. *Shurley* and L. S. *Owens,* for Appellants;

*Himes & Himes,* for Appellees.

DAVIS, C. J.—The bill of complaint in this case sought to establish a preferred claim against the assets of the defunct Citizens Bank and Trust Company, based upon certain alleged unlawful investments of the bank, as trustee under the will of D. A. Dansby, deceased. The investment alleged to have been unlawfully made was of funds belonging to the estate of the deceased, in bonds of the Citizens Mortgage & Bond Company, a banking affiliate company.

The theory on which the complainants proceeded was that they were entitled to repudiate the investment by the bank of a portion of its commingled fund, in which the estate moneys had been placed, by reason of which, treating the attempted investment in the mortgage bonds as being absolutely void, complainant would be entitled to claim the estate funds out of the moneys that passed into the liquidator's hands at the time of the closing of the bank.

The Chancellor held that the facts disclosed by defendant's answer, showed a prior equity proceeding and adjudication which barred the present controversy, on the theory that the prior decree of the circuit court determining, as between the same parties and their privies, that the bonds in question were part of the trust estate, constituted an estoppel by judgment in this proceeding against all assertion in this case to the effect that such bonds had never been a part of the estate, because, as complainant claimed, the at-

tempted investment by the bank in such bonds was absolutely void.

The answer sustained by the court set up the fact that the complainant, Myrtis Hill Dansby, had therefore filed in chancery a bill of complaint praying for the removal of Citizens Bank & Trust Company as trustee under the last will and testament of D. A. Dansby, to which petition was attached a schedule of the securities belonging to said estate, included in which schedule were the bonds in which the Citizens Bank and Trust Company had made the alleged void investment. In that petition the bonds were claimed as assets of the estate, and the Court in granting the relief prayed for in the prior suit, had accepted complainant's allegation that such bonds were a part of such estate, in consequence of which, so the answer averred, complainant in this suit was estopped to now claim to the contrary.

The ruling of the court below based on estoppel, should be affirmed on the authority of what was said by this Court on that subject in the recent case of Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 Sou. Rep. 544, and cases therein cited.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.